UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK MCGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:04CV1550MLM |
| | ) |
| PUBLIC WATER SUPPLY DISTRICT #2, | ) |
| OF JEFFERSON COUNTY, MISSOURI; | ) |
| STEVE CONLEY; THOMAS THORNTON; | ) |
| WALTER LEE and DAVID HUTCHINGS, | ) |
| Defendants. | ) |

# ORDER

This matter is before the court on Defendants' Motion for Leave to File Amended Answer. [Doc. 41] Plaintiff opposed the Motion. [Doc. 44] Defendants replied. [Doc. 45]

Rule 15(a)a of the Federal Rules of Civil Procedure provides in pertinent part:

> . . .Otherwise a party may amend a party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .[1]

The question presented is whether justice requires granting leave to amend. The court has considered the memoranda of the parties and finds that <u>Missouri Housing Development Commission v. Brice</u>, 919 F.2d 1306, 1314 (8th Cir. 1990) is controlling. In <u>Brice</u>, all defendants originally admitted in their answer that they signed a guaranty agreement. Later, one of the defendants repudiated this admission in his depositions and discovery responses. After ruling on a motion for summary judgment, the district court denied a motion to amend the answer on the ground the "[a]dmissions contained within an answer are binding conclusive." <u>Id</u>. The Eighth Circuit upheld the ruling of the district court stating "As a rule, '[a]dmissions in the pleadings. . .are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended." <u>Id</u>.

---

[1] Although plaintiff states in his Opposition that defendants rely on Rule 16(b) of the Federal Rules of Civil Procedure, the court finds no reference to that part of Rule 16 in defendants' submission. They merely say they want "their Answer to conform to the evidence developed." Rule 16(b) deals with evidence adduced at trial. We are not at the trial stage at this time.

citing Scott v. Commissioner, 117 F.2d 36, 40 (8th Cir. 1941). The court went on to discuss numerous cases in which admissions and pleadings were held to be binding where the admitting party later produced evidence contrary to those admissions. See also National Surety Corporation v. Ranger Insurance Company, 260 F.3d 881, 886 (8th Cir. 2001).

In the present case defendants' answer admits that Mr. Thornton said "We'll see about that" after he said "You're building a dynasty." His deposition reflects that when he was asked about the "We'll see about that" part of his statement, he said "I don't remember that. I don't remember about saying that. Being under oath, I don't remember saying that." This statement is ambiguous as to whether it is a repudiation of the admission in the answer: It can be interpreted as a repudiation or a statement that at the time of his deposition he simply did not recall saying it.

The court therefore finds that in the interest of justice the Motion to Amend the Answer should be denied, that defendants should be bound by their answer and that the effect of "We'll see about that" should be left to the jury to determine.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File Amended Answer is DENIED. [Doc. 41]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   26th   day of October, 2005.